UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                                              MDL No. 2885

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in one District of Minnesota action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Minnesota. In movant's reply brief, he supports centralization in the Western District of Missouri, in the alternative. Common defendant 3M Company and plaintiffs in more than 45 actions and potential tag-along actions support centralization in the District of Minnesota in the first instance or in the alternative. This litigation currently consists of eight actions pending in four districts, as listed on Schedule A.[1] The Panel also has been notified of 635 related federal actions filed in 33 districts.[2]

All responding parties support centralization, but they do not all agree on the appropriate transferee district. In addition to the District of Minnesota and the Western District of Missouri, suggested districts are the Central District of California, the Southern District of California, the District of District of Columbia, the Northern District of Florida, the Southern District of Florida, the Middle District of Georgia, the Southern District of Georgia, the Northern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of North Carolina, the Eastern District of Pennsylvania, the District of South Carolina, the Middle District of Tennessee, and the Western District of Texas.[3]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] An additional action was included in the motion for centralization, but plaintiff voluntarily dismissed the action. The District of Minnesota *Pulliam* action was not included in the original motion, but is the result of the court's severance of the *Peek* action.

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Two responses were submitted after the close of briefing and were not considered by the Panel. *See* MDL No. 2885, ECF No. 327 (J.P.M.L. Mar. 25, 2018); ECF No. 331 (J.P.M.L. Mar. 26, 2019).

CERTIFIED A TRUE COPY
Jessica J. Lyublanovits

By: *Elizabeth Lawrence*
Deputy Clerk

-2-

and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising out of allegations that defendants' Combat Arms earplugs were defective, causing plaintiffs to develop hearing loss and/or tinnitus. Issues concerning the design, testing, sale, and marketing of the Combat Arms earplugs are common to all actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on *Daubert* issues and other pretrial matters; and conserve the resources of the parties, their counsel, and the judiciary.[4]

After weighing the relevant factors, we select the Northern District of Florida as the transferee district for this litigation. Centralization in this district allows the Panel to assign this nationwide litigation to a forum with the necessary judicial resources and expertise to manage this litigation efficiently and in a manner convenient for the parties and witnesses. Judge M. Casey Rodgers, to whom we assign these proceedings, is an able jurist with experience in presiding over a large products liability MDL. We are confident that she will steer these proceedings on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Florida are transferred to the Northern District of Florida, and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance* (signature)

Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

---

[4] Plaintiff in one potential tag-along action requested in briefing that the Panel direct the transferee court to create a separate track for putative class actions. At oral argument, counsel for this plaintiff stated this determination should be left to the discretion of the transferee judge. *See In re Tylenol (Acetaminophen) Mktg., Sales Practices and Prods. Liab. Litig.*, 936 F. Supp. 2d 1379, 1380 n.3 (J.P.M.L. 2013). The actions centralized in this order do not include putative class actions, but several potential tag-along actions are brought on behalf of putative classes.

IN RE: 3M COMBAT ARMS EARPLUG
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2885

## SCHEDULE A

<u>Central District of California</u>

KENNEDY v. 3M COMPANY, ET AL., C.A. No. 5:19-00128

<u>District of Minnesota</u>

CIACCIO v. 3M COMPANY, ET AL., C.A. No. 0:19-00179
PEEK v. 3M COMPANY, ET AL., C.A. No. 0:19-00192
LARKIN v. 3M COMPANY, ET AL., C.A. No. 0:19-00194
PULLIUM v. 3M COMPANY, ET AL., C.A. No. 0:19-00603

<u>Western District of Oklahoma</u>

STINE v. 3M COMPANY, C.A. No. 5:19-00058
WERNER v. 3M COMPANY, C.A. No. 5:19-00059

<u>Western District of Texas</u>

ROWE v. 3M COMPANY, C.A. No. 6:19-00019